**PEREZ–PEREZ et ux.**

v.

**WESTMORELAND et al.**

**Civ. No. 16125.**

United States District Court
S. D. California, Central Division.

April 22, 1954.

**386**

John F. Sheffield and Jacque Boyle, Los Angeles, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

MATHES, District Judge.

This cause having come before the court for hearing on defendants' motion, filed February 12, 1954, to dismiss the action; and the motion having been argued and submitted for decision; and it appearing to the court:

(1) that plaintiffs' complaint for "Declaratory Relief" prays for a mandatory injunction directing the defendants to hear and grant plaintiffs' application for suspension of deportation;

(2) that plaintiffs allege: "This action and proceeding is brought pursuant to [amendment] Article 14, Section 1 of the Constitution of the United States; Chapter 151 of Title 28 United States Code, Sections 2201 to 2202; the Immigration and Nationality Laws of 1952, Sections 212, and 241 to 244; Chapter 1, Title 8 of the Code of Federal Regulations, Section 8.1; and Title 5 of the United States Code, Section 1009";

(3) that the Constitution of the United States merely gives this court the capacity to take jurisdiction; it does not confer any jurisdiction upon this court; District Courts are "courts of special jurisdiction, and therefore they cannot take jurisdiction of any case, civil or criminal, where they are not authorized to do so by an act of Congress". The Assessors v. Osbornes, 1869, 9 Wall. 567, 575, 76 U.S. 567, 575, 19 L.Ed. 748; Mayor v. Cooper, 1867, 6 Wall. 247, 252, 73 U.S. 247, 252, 18 L.Ed. 851; see also: United States v. Hudson and Goodwin, 1812, 7 Cranch 32, 33, 11 U.S. 32, 33, 3 L.Ed. 259; Robertson v. Cease, 1878, 97

U.S. 646, 650, 24 L.Ed. 1057; Turner v. Bank of North America, 1799, 4 Dall. 8, 11, 4 U.S. 8, 11, 1 L.Ed. 718;

(4) that 28 U.S.C. § 2201 authorizing declaratory judgments does not confer any added jurisdiction upon the federal courts but merely enlarges the "range of remedies available", Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194; Southern Pac. Co. v. McAdoo, 9 Cir., 1936, 82 F.2d 121;

(5) that since the complaint does not challenge administrative determination that plaintiffs are deportable aliens, 8 U.S.C.A. § 1251, the case is not one for judicial review of administrative action within any jurisdiction conferred upon this court by the Administrative Procedure Act, 5 U.S.C.A. §§ 1001, 1009, cf. Blackmar v. Guerra, 1952, 342 U.S. 512, 515–516, 72 S.Ct. 410, 96 L.Ed. 534; Heikkila v. Barber, 1953, 345 U.S. 229, 230–233, 73 S.Ct. 603, 97 L.Ed. 972; 28 U.S.C. § 1331; McGrath v. Kristensen, 1950, 340 U.S. 162, 169, 71 S.Ct. 224, 95 L.Ed. 173; Giles v. Harris, 1903, 189 U.S. 475, 485, 23 S.Ct. 639, 47 L.Ed. 909;

(6) that inasmuch as this court has no general grant of jurisdiction over the status of aliens or nationals or citizens, see Grace v. American Central Ins. Co., 1883, 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932, and the Government has not waived sovereign immunity to suit under the circumstances alleged, jurisdiction is lacking at bar over both the subject matter of the action and the persons of the defendants in their official capacities, cf. Long v. United States, D.C.S.D.Cal.1948, 78 F.Supp. 35; but if the action be construed, as it properly may, to be a suit against the defendants in their individual capacities, jurisdiction over the subject matter does exist, assuming the requisite amount to be involved, because "the matter in controversy * * * arises under the Constitution, laws or treaties of the United States", 28 U.S.C. § 1331; Bustos-Ovalle v. Landon, D.C.S.D.Cal.1953, 112 F.Supp. 874, 878, and present jurisdiction over

the persons of the defendants, *qua* individuals, also exists, cf. McGrath v. Kristensen, supra, 340 U.S. at pages 169–170, 71 S.Ct. at page 229; Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Perkins v. Elg, 1938, 69 App.D.C. 175, 99 F.2d 408, 409–410, 413–414, modified and affirmed, 1939, 307 U.S. 325, 328, 349–350, 59 S.Ct. 884, 83 L.Ed. 1320; National Conference etc., Lotteries v. Goldman, 2 Cir., 1936, 85 F.2d 66;

(7) that plaintiffs further allege: "That on or about October 21, 1952, plaintiffs were found deportable, were denied voluntary departure, and were denied suspension of deportation, all pursuant to deportation proceedings instituted and prosecuted against plaintiffs by defendants, being the matter of Guadalupe Perez-Perez and Magdalena Alvarez de Perez, File Nos. 1600–95659 and A7983380. Various appeals on said matter were taken and subsequently denied by defendants herein";

(8) that any appeals taken by plaintiffs were *ex necessitate* taken to the Board of Immigration Appeals, 8 CFR §§ 242.54(d), 242.61(a), (c), (d), (e);

(9) that 8 U.S.C.A. § 1254(b) vests in the Attorney General the sole power in his discretion to suspend deportation of "any alien who is found by the Attorney General to meet the requirements" of 8 U.S.C.A. § 1254(a)(1), (2) or (3); and the Attorney General has by regulation delegated *pro tanto* that power successively to special inquiry officers, 8 CFR §§ 244.2, 242.53(a), (c), 242.54(d), 242.6, 242.61(a), (c), (e), (f), to the Assistant Commissioner, Inspection and Examinations ·Division, Id. §§ 9.1(a), (b), 242.61(e)(1), 7.1(b), (c), (d), 7.2, and to the Board of Immigration Appeals, Id. §§ 242.61(a)(2), 6.1(a), (b) (2), (c), (d), 6.2, reserving always to the Attorney General himself the final administrative discretion as to whether or not deportation shall be suspended, Id. §§ 6.1(d)(2), (h), 9.1(a), (b); cf. United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499;

(10) that since application for suspension of deportation is authorized by regulations having "the force and effect of law", 8 U.S.C.A. § 1103(a); United States ex rel. Accardi v. Shaughnessy, supra, 347 U.S. at page 265, 74 S.Ct. at page 502, to be made "at any time during the hearing", 8 CFR §§ 244.2, 242.54(d), 242.61(a), (c), ·(e), 242.5, 242.6, and there is no provision for application to be made at any other time or to any other person, excepting possibly the Attorney General himself, see 8 U.S.C.A. §§ 1103, 1254; 8 CFR §§ 244.2, 242.54(d), 242.61 (e), (f), 6.1(h);

 (11) that plaintiffs cannot therefore have any valid claim to compel action by either of the defendants at bar; but plaintiffs may seek, by motion for reopening or reconsideration addressed to the Board of Immigration Appeals, see 8 CFR §§ 6.2, 8.1(c), or by referral of the case to the Attorney General, Id. § 6.1(d)(2), (h), any relief to which they are entitled;

It is ordered that defendants' motion to dismiss, for "failure to state a claim upon which relief can be granted," is hereby granted, Fed.Rules Civ.Proc. Rule 12(b)(6), 28 U.S.C.A.

It is further ordered that the defendants serve and lodge with the Clerk within five days a judgment of dismissal to be settled under local rule 7.

It is further ordered that this dismissal shall not operate as an adjudication upon the merits, Fed.Rules ·Civ.Proc. Rule 41(b), 28 U.S.C.A., and the judgment shall so provide.

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.