**WOLF v. BOYD.**

**LUCKMAN v. BOYD.**

**Nos. 13870, 13871.**

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1954.

Rehearing Denied Oct. 11, 1954.

See also 87 F.Supp. 906.

C. T. Hatten, Seattle, Wash., for appellants.

Charles P. Moriarty, U. S. Atty., John E. Belcher, Richard D. Harris, John W. Keane, Seattle, Wash., Asst. U. S. Attys., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

POPE, Circuit Judge.

### The Wolf Case

Hazel Anna Wolf was born in Canada; she entered the United States December 26, 1922, for permanent residence and at the time of the institution of the proceedings here referred to she was a resident of Seattle, Washington. On May 31, 1949, she was arrested pursuant to a deportation warrant charging that she was an alien subject to deportation from the United States pursuant to 8 U.S.C.A. § 137, as amended by the Alien Registration Act of 1940, 54 Stat. 670,* in that she was after entry a member of an "organization, association, society, or group, that believes in, advises, advocates, or teaches the overthrow by force or violence of the Government of the United States".[1]

Deportation hearings were commenced on June 19, 1950, were continued from time to time and concluded on February 12, 1951.[2] During the course of

---

\* Now 8 U.S.C.A. § 1182.

1. The language thus quoted is that of the Act.

2. The record shows that during the course of the hearing and on the date last mentioned the Government lodged an additional charge under Section 22 of the Internal Security Act of 1950, which was based upon the brief allegation that petitioner was an alien who subsequent to entry became a member of or affiliated with the Communist Party of the United States. The findings disclose and the parties are agreed that the deportation order here under review was based upon the provisions of the statute as it stood prior to the 1950 Act.

such hearings the appellant refused to testify. The hearing officer made findings and decision adverse to appellant, and thereafter in due course, the appropriate officer of the Immigration and Naturalization Service adopted the Hearing Officer's recommendation and made findings that appellant was a voluntary member of the Communist Party of the United States during the years 1938–1939, and that during the period of appellant's membership therein such Party advocated and taught the overthrow by force and violence of the Government of the United States, and that such party was an organization that circulated and distributed printed matter advocating the overthrow by force and violence of such government.

Upon such findings it was concluded and ordered that appellant was subject to deportation. Appellant appealed to the Board of Immigration Appeals from the order pursuant to such findings and conclusions but the appeal was dismissed and her deportation ordered. The appellant then filed in the court below a petition for a writ of habeas corpus alleging that she was unlawfully held in custody by the respondent pursuant to such order of deportation. An order to show cause was issued and after a hearing upon the return filed by the respondent and the reply to such return the court below made findings and conclusions holding that the deportation hearing record supported the findings, conclusions and order made on behalf of the Immigration and Naturalization Service and entered an order dismissing the writ of habeas corpus and the order to show cause thereon upon the merits.[3]

No question is raised here as to the sufficiency of the evidence to sustain the findings of the Immigration and Naturalization Service (made on its behalf by the Assistant Commissioner). The appeal presents but two specifications of error. The first is based upon a conclusion of the trial court that: "Past membership in the Communist Party is, as a matter of law, a sufficient ground for deportation of an alien pursuant to the provisions of 8 U.S.C.A. § 137 as it existed prior to amendment of said section by Section 22 of the Internal Security Act of 1950." It is contended that this is an erroneous statement of law in that Title 8 U.S.C.A. § 137 as it existed prior to the amendment of 1950 required proof that the alien had been a member of an organization that advocated and taught the overthrow of the Government of the United States by force and violence.

We find it wholly unnecessary to consider this assignment of appellant. As previously stated, the administrative findings disclose not merely that appellant was a member of the Communist Party of the United States in 1938, but that during that period such Party advocated and taught the overthrow of the Government of the United States by force and violence and circulated and distributed printed matter so advocating. The trial court in its findings specifically recited that such findings had been made and were the basis for the deportation order.

It is therefore apparent that there was no attempt to base an order of deportation upon a mere finding of Communist Party membership without a finding that such Party was an organization that advocated and taught the overthrow of the Government of the United States by force and violence. Thus we are not called upon to determine whether the questioned conclusion of the trial court is correct as an abstract proposition of law.[4]

Appellant's second and final contention is that: "Deportation for the al-

---

3. Appellant also sought declaratory relief but that portion of her petition was dismissed for want of an indispensable party, and no question is here presented with respect thereto.

4. We are likewise not here required to express any opinion as to whether Martinez v. Neelly, 7 Cir., 197 F.2d 462, affirmd by an equally divided court, 344 U. S. 916, 73 S.Ct. 345, 97 L.Ed. 707, supports such a conclusion.

leged commission of an act which Congress did not impose as a condition to a continuation of 'permanent' residence in the United States at the time the non-citizen established such 'permanent' residence in 1922 is either a denial of substantive due process and completely without the constitutional power of Congress or it is in violation of the First Amendment, and the ex post facto prohibitions of Article I, Section 9, of the Constitution of the United States." This contention was expressly rejected in Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586. The reaffirmation of the principles there expressed in Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, leaves no foundation whatever for the appellant's effort to distinguish or explain away the Harisiades case.

The judgment in No. 13,870 is therefore affirmed.

#### The Luckman Case

The appeal in No. 13,871 presents precisely the same questions. Luckman, like Wolf, is a resident of Seattle, Washington. He was a native of Austria-Hungary, and entered the United States in 1907. Upon the hearing pursuant to the deportation warrant in his case, it was found that he was a member of the Communist Party of the United States during a period in 1937 or 1938, and that during such period of his membership such Party "was an organization which advocated and taught the overthrow of the Government of the United States by force and violence" and was an organization "which distributed printed matter advocating the overthrow of the Government of the United States by force and violence."

In the case of Luckman, as in that of Wolf, no question is raised as to the sufficiency of the evidence to support those findings. The specifications of error here are identical with those made in the case of Wolf above mentioned, and in all other respects the facts of the two cases are the same.

For the reasons we have stated in consideration of the appeal in No. 13,870 the trial court was obliged to hold as it did that the petition for a writ of habeas corpus and for other relief of appellant Luckman was without merit.

The judgment in No. 13,871 is therefore likewise affirmed.

