253 F.2d 141
 Hazel Anna WOLF, Appellant,
v.
Herbert BROWNELL, Jr., Attorney General of the United
States, and John P. Boyd, District Director,
Immigration and Naturalization Service, Appellees.
 No. 15699.
 United States Court of Appeals Ninth Circuit.
 Nov. 27, 1957, Rehearing Denied Feb. 28, 1958.
 
 John Caughlan, Jay G. Sykes, Seattle, Wash., for appellant.
 Charles P. Moriarty, U.S. Atty., Richard F. Broz, Asst. U.S. Atty., Seattle, Wash., Charles Gordon, Regional Counsel, U.S. Immigration and Naturalization Service, St. Paul, Minn., for appellees.
 Before DENMAN, BONE and BARNES, Circuit Judges.
 DENMAN, Circuit Judge.
 
 
 1
 Appellant's complaint sought a declaratory judgment that she is a citizen of the United States. She also sought an order restraining her deportation to Canada, and applied for a writ of habeas corpus. She appeals from the district court's judgment holding that she is not a citizen of the United States and setting aside a temporary restraining order and dismissing the application for the writ of habeas corpus.
 
 
 2
 Deportation proceedings were begun against this appellant in 1949. The Hearing Officer found that she was an alien who had been a member of the Communist Party of the United States and thus deportable pursuant to 8 U.S.C.A. 137, as amended.[1] This decision was affirmed by the Commissioner of Immigration and the Board of Immigration Appeals. A petition for habeas corpus was dismissed by the district court and this dismissal was affirmed by this court (Wolf v. Boyd, 215 F.2d 377, certiorari denied 348 U.S. 951, 75 S.Ct. 438, 99 L.Ed. 743). A petition for discretionary relief from deportation travelled the same route and this court finally affirmed its denial (Wolf v. Boyd, 238 F.2d 249, certiorari denied 353 U.S. 936, 77 S.Ct. 814, 1 L.Ed.2d 759). The present proceeding raises for the first time the issue of whether there was jurisdiction for all the above proceedings since they were taken on the basis that the appellant was not a citizen of the United States.
 
 
 3
 The following facts are undisputed. Appellant had resided in the United States since the age of 10. Her father was a British national and her mother had been born an American citizen in Paoli, Indiana. Appellee concedes that so far as concerns appellant's contention that she is a citizen, the marriage of her mother to her alien father does not affect it.
 
 
 4
 The appellant's claim to citizenship rests on the single contention that the following statute gives her that status:
 
 
 5
 '8 U.S.C.A. 1401(a) The following shall be nationals and citizens of the United States at birth:
 
 
 6
 '(7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totalling not less than ten years, at least five of which were after attaining the age of fourteen years * * *.'
 
 
 7
 In the hearing of this appeal it was contended that such a statute should be construed liberally in favor of establishing a claimant's citizenship and that it should be deemed as retroactive and covering the status of the appellant. Assuming this rule of construction is applicable in the silence of Congress, it does not apply when we have the clear declaration of Congress that its intent was not to make Section 1401(a)(7) retroactive.
 
 
 8
 Appellant's complaint was filed on August 22, 1957. In the previous year, March 16, 1956, Congress enacted Section 1401a providing:
 
 
 9
 ' 1401a. Birth abroad before 1952 to service parent
 
 
 10
 'Section 1401(a)(7) of this title shall be considered to have been and to be applicable to a child born outside of the United States and its outlying possessions after January 12, 1941, and before December 24, 1952, of parents one of whom is a citizen of the United States who has served in the Armed Forces of the United States after December 31, 1946, and before December 24, 1952, and whose case does not come within the provisions of section 201(g) or (i) of the Nationality Act of 1940. Mar. 16, 1956, c. 85, 70 Stat. 50.'
 
 
 11
 If Section 1401(a)(7) were retroactive and thus also covered all persons born before the effective date of the Act who came within its terms, the statute of March 16, 1956 providing for the particular instances in which certain persons came within the terms of Section 1401(a)(7) would be meaningless. We hold that Section 1401(a)(7) is not retroactive and that the district court properly held appellant is not a citizen.
 
 
 12
 The judgment is affirmed.
 
 On Petition for Rehearing
 
 13
 Mrs. Wolf seeks a rehearing, basing her claim on the recent Supreme Court case of Rowoldt v. Perfetto, 355 U.S. 115, 78 S.Ct. 180, 2 L.Ed.2d 140, holding that Congress did not mean mere nominal membership in the Communist Party to be an offense warranting the deportation of an alien. The issue in that case bears no relationship to that of the instant case, which concerns solely the question whether Mrs. Wolf is a citizen of the United States.
 
 
 14
 The petition for rehearing is denied.
 
 
 
 [1]
 Now 8 U.S.C.A. 1182