Edmundo **RODRIGUEZ–ROMERO**,
Appellant,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Appellee.

No. 23880.

United States Court of Appeals,
Ninth Circuit.

Nov. 25, 1970.

Donald L. Ungar (argued), of Phelan, Simmons & Ungar, San Francisco, Cal., for appellant.

David R. Urden (argued), Chief Asst. U. S. Atty., James Browning, U. S. Atty., Stephen H. Suffin, of I&NS, San Francisco, Cal., John Mitchell, U. S. Atty. Gen., Washington, D. C., for appellee.

Before MERRILL, KOELSCH and CARTER, Circuit Judges.

PER CURIAM:

Following his state conviction on a charge of trafficking in marihuana, Edmundo Rodriguez-Romero (appellant) was ordered deported pursuant to 8 U.S.C. § 1251(a) (11), a statute which requires the deportation of such an alien. His appeal to the Board of Immigration Appeals was dismissed, and he then filed a petition in the United States District Court for the writ of habeas corpus. He asserted two grounds for relief: that he was and is a United States citizen and could not be deported and that, even if he were an alien, his deportation would violate the due process and cruel and unusual punishment clauses of the Constitution. The matter is here on Rodriguez-Romero's appeal from the district court's order denying the writ.

■■ 1. Appellant was born in the Republic of Mexico, but claims citizenship through his father. Section 201(g) of the Nationality Act of 1940 (54 Stat. 1138–1139), the law in effect at the time of appellant's birth in 1945, provided in pertinent part as follows:

> Sec. 201. The following shall be nationals and citizens of the United States at birth:

> (g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, * * *."

(a) However, appellant's father, although a native born citizen of the United States, was not actually present in the United States or one of its outlying possessions for the requisite ten year period; to the contrary, in the year 1918, when three years of age, he had been taken by his own parents to Mexico, where he remained continuously until 1945, when he returned to this Country.

(b) Neither can it be concluded, from any fair appraisal of the relevant evidence, that appellant's father had had a

"constructive residence" in the United States for such period. *See* Toy Teung Kwong v. Acheson, 97 F.Supp. 745, (D.C. N.D.Cal.1951). Section 104 of the Act provided that "For the purposes of section 201 * * * of this Act, the place of general abode shall be deemed place of residence." The "Act used the term 'residence' as plainly as possible to denote an objective fact. To identify the required 'place of residence' it required only that it be the place of general abode." Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287 (1950). It excluded as a factor, in determining the issue of residence, any subjective intent of the person under consideration.[1]

The evidence in the record is to the effect that when the appellant's father's parents went to Mexico in 1918, they established their home there; that appellant's father remained a member of that household until he grew to maturity; that he was employed in Mexico; that he was married in Mexico; that he too established and maintained his home in Mexico and that he actually lived there for 27 years before returning to the United States. No evidence was introduced showing or tending to show as "an objective fact" that, save for the first three years of his life, his "place of general abode" was elsewhere than Mexico.

(c) It is unnecessary to consider appellant's novel contention that he is a citizen by virtue of Rev.Stat.1993, the predecessor of Sec. 201(g). The saving clause (appearing as Sec. 347(a) of the Act) relied upon by appellant to continue in effect Section 1993 (despite its repeal by Sec. 504 of the Act) did not extend to provisions in the repealed statute relating to nationality at birth, but was expressly limited to the preservation of provisions relating to nationality through naturalization and to several miscellaneous matters irrelevant to appellant's claim.

2. Relief on the second ground, urged by appellant, is rendered unavailable, as appellant himself recognizes, by the Supreme Court's decision in Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952).

Judgment affirmed.

---

[1.] Section 104 applies equally to Section 201 and to Section 403, the section under consideration in the Savorgnan case.