467 F.2d 644
 LAM CHUEN CHING (A15 976 298), Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 71-1741.
 United States Court of Appeals,
Third Circuit.
 Submitted Sept. 15, 1972.
Decided Oct. 5, 1972.
 
 Jules E. Coven, Lebenkoff & Coven, New York City, for petitioner.
 Carmen C. Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for respondent.
 Before McLAUGHLIN, ADAMS and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 In 1967 petitioner entered the United States as a non immigrant Chinese seaman. He has remained in this country ever since, in violation of both the Immigration and Naturalization laws.
 
 
 2
 On April 25, 1967 he was apprehended, found to be deportable and at his request was permitted to depart from the United States voluntarily. He failed to so leave and on June 13, 1967 he was ordered deported to Hong Kong. After various further delaying maneuvers he was again called upon to report for deportation October 7, 1969. Thereafter a petition for review was filed for him in the United States Court of Appeals, Third Circuit. That petition and all other litigation on behalf of appellant was finally dismissed and on August 5, 1971 he was directed to appear on August 17, 1971 for deportation. Another motion was filed for him on August 13, 1971. That asked that the deportation proceedings against him be reopened so that he could be given the right to voluntarily leave the United States. The application was denied, as was a further stay of deportation. Appellant's attorneys then filed the present petition for review of the District Director's denial to grant voluntary departure of appellant and the August 1971, Board of Immigration Appeals refusals to reopen said deportation proceedings and to allow appellant to leave the United States voluntarily.
 
 
 3
 Appellant by his lawyers now accuses the Board of Immigration Appeals of abusing its discretion in refusing to reopen appellant's deportation. There is not even an attempt to excuse appellant for not leaving this country in 1967 in accordance with his then request for voluntary departure. To the contrary, the amazing argument is offered that because through the delaying tactics employed for appellant he was able to prevent his clearly rightful deportation for more than four years is a factor favorable to him. The assertion is also made for appellant that he is "being punished for exhausting his legal rights." There is nothing whatsoever before us pointing to any such unwarranted statement. Despite appellant's admitted illegal entry into the United States he was generously treated by the Immigration Authority. He was granted the right to return to Hong Kong in accordance with his stated alleged desire. That turned out to be spurious in its entirety, merely a stop gap that helped prolong his illegal stay in this country for years.
 
 
 4
 There is nothing in this record that would warrant any result other than the deportation action of the Immigration Service. See C.F.R. 3. 2,242.22; Ferreira v. Shaughnessy, 241 F.2d 617 (2 Cir. 1957); Wolf v. Boyd, 238 F.2d 249 (9 Cir. 1956). The conclusion of the Board of Immigration Appeals will be affirmed.