**Sylvia Torres PALOMO, Plaintiff,**

v.

**John A. MITCHELL, Attorney General, and the Immigration and Naturalization Service, Defendants.**

**Civ. A. No. 72–H–16.**

United States District Court, S. D. Texas, Houston Division.

Oct. 20, 1972.

------

Peter Sanchez Navarro, Jr., Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., B. Stephen Rice, Asst. U. S. Atty., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

In this action plaintiff seeks a judgment declaring her to be a citizen of the United States pursuant to 8 U.S.C. § 1503 and 28 U.S.C. § 2201. The Government has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. The plaintiff has countered with a motion for summary judgment.

The facts which caused the Immigration and Naturalization Service to deny a certificate of citizenship to plaintiff are undisputed. Both parties agree that there is no question of fact involved in this lawsuit. This is an appropriate matter to be resolved by motion for summary judgment. Shahid v. Gulf Power Co., 291 F.2d 422 (5th Cir. 1961), rehearing denied, 298 F.2d 793, cert. denied, 370 U.S. 923, 82 S.Ct. 1563, 8 L. Ed.2d 503 (1962); Brunswick Corp. v. Vineberg, 370 F.2d 605 (5th Cir. 1967).

Plaintiff was born on September 16, 1950, in Valle Hermoso, Tamaulipas, Mexico, the legitimate issue of a native-born United States citizen father and an alien Mexican national mother. Plaintiff's father was born on January 2, 1931, at Sugarland, Texas. At the time of plaintiff's birth, her father was living and working in the United States. On May 15, 1971, plaintiff applied for a certificate of citizenship pursuant to 8 U.S.C. § 1452, claiming derivative citizenship through her father. The application was duly denied by the Immigration and Naturalization Service, and a subsequent appeal to the Regional Commissioner was of no avail.

Plaintiff concedes that under the statute in effect at the time of her birth, section 201(g) of the Nationality Act of 1940, she does not qualify as a citizen of the United States. That statute would require that one of the plaintiff's parents have had five years residence in the United States after attaining the age of sixteen years and prior to plaintiff's birth. Since plaintiff was born prior to her father having attained the age of twenty-one years, it is impossible for these statutory requirements to be satisfied. Plaintiff, however, asserts that section 301(a)(7) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1401(a)(7), is controlling in this instant fact situation. The latter statute, in amending the 1940 Act, liberalized the derivative citizenship requirement somewhat to provide for five years of residence in the United States by the parent after the age of fourteen years and prior to the birth of the citizenship-seeking child. If the latter statute is applicable, then plaintiff is entitled to a declaration of United States citizenship.

A careful scrutiny of the applicable law and legislative history reflects that plaintiff's argument must fall far short of its intended target. The conclusion is inescapable that section 301(a)(7) of the 1952 Act is not retroactive to persons born prior to its effective date. This conclusion is dictated by the case law. Wolf v. Brownell, 253 F.2d 141 (9th Cir. 1957), cert. denied, 357 U.S. 942, 78 S.Ct. 1393, 2 L.Ed.2d 1555 (1958). See also United States v. Trevino Garcia, 440 F.2d 368 (5th Cir. 1971); Gonzalez de Lara v. United States, 439 F.2d 1316 (5th Cir. 1971); Rodriguez-Romero v. Immigration & Naturalization Service, 434 F.2d 1022 (9th Cir. 1970), cert. denied, 401 U.S. 976, 91 S.Ct. 1199, 28 L.Ed.2d 326 (1971). This conclusion is also compelled by the legislative history of the 1952 Act. H.Rep.No.1558, 84th Cong., 2d Sess., U.S.Code Cong. & Admin.News 2291, 2292 (1956). *See* S. Rep.No.1137, 82d Cong., 2d Sess., U.S.

Code Cong. & Admin.News 1653 (1952). Plaintiff's reliance upon Rogers v. Bellei, 401 U.S. 815, 91 S.Ct. 1060, 28 L. Ed.2d 499 (1971), is clearly misplaced. A close examination of the latter opinion, which is predicated upon facts entirely different from the instant lawsuit, reflects that the Court was following the dictates of Congress, having found the constitutional mandate of the Fourteenth Amendment inapplicable, in reaching a decision which is entirely consistent with this Court's conclusion and result.

Accordingly, plaintiff's motion for summary judgment is denied, and defendants' motion for summary judgment is granted.