## MATTER OF RODRIGUEZ-VERA

### In Deportation Proceedings

### A-30250195

*Decided by Board September 27, 1979*

(1) The grant or denial of a motion to reopen is a discretionary determination with the outcome dependent in part upon the likelihood that the applicant will be granted the relief sought if reopening is permitted.

(2) Reopening may not be had, as of right, upon a bare showing of statutory eligibility for the discretionary relief sought; rather, it is incumbent upon the alien to make a prima facie showing both that the statutory requirements for the relief sought have been satisfied and that a grant of relief may be warranted as a matter of discretion.

(3) In adjudicating a motion to reopen, the immigration judge and the Board are entitled, at a minimum, to factual allegations which indicate that the adverse factors of record may be overcome by the equities presented.

(4) Notwithstanding a United States citizen father, mother, brother and sister, respondent's motion to reopen for consideration of section 212(c) relief denied as a matter of discretion where respondent was serving a 15-year sentence for the recent murder of his wife and no showing made of other unusual or outstanding equities.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude commited within five years after entry, to wit: murder

ON BEHALF OF RESPONDENT:
Stanley Schneider, Esquire
Texas Department of Corrections
P.O. Box 99
Huntsville, Texas 77340

ON BEHALF OF SERVICE:
Paul B. O'Neill
District Director

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

In a decision dated January 31, 1978, the Board affirmed the October 6, 1977, decision of an immigration judge which found the respondent deportable as charged pursuant to section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4), and denied his applications for a waiver of inadmissibility and for adjustment of status pursuant to sections 212(h) and 245 of the Act, respectively, 8 U.S.C. 1182(h) and 1255. The respondent thereafter submitted an application for discre-

tionary relief under section 212(c) of the Act, 8 U.S.C. 1182(c), which we shall consider a motion to reopen the deportation proceedings, as did the District Director, with jurisdiction lying with the Board. *See* 8 C.F.R. 3.2. The service opposes the motion. The motion will be denied.

The respondent is a 39-year-old native and citizen of Mexico who was admitted to the United States for lawful permanent residence on March 18, 1971. Deportablility is predicated upon the respondent's conviction in March of 1976 in the 92nd District Court of Hildalgo County, Texas, of the felony offense of murder. The respondent was sentenced to a prison term of 15 years and 6 months pursuant to that conviction and is presently serving his sentence.

Section 212(c) of the Act provides in essence that aliens lawfully admitted for permanent residence, who temporarily proceed abroad voluntarily and not under an order of deportation and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain enumerated grounds for exclusion. The specified grounds include section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9), which renders excludable aliens convicted of a crime involving moral turpitude. Murder is such an offense. *See De Lucia* v. *Flagg*, 297 F.2d 58 (7 Cir. 1961), *cert. denied*, 369 U.S. 837 (1962). Pursuant to our decision in Matter of Silva, Interim Decision 2532 (BIA 1976), section 212(c) relief may be available to an alien in deportation proceedings notwithstanding the fact that he has not proceeded abroad subsequent to his admission for lawful permanent residence. *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976).

The Service opposes the motion to reopen on the ground that the requested relief would surely be denied in the exercise of discretion and, therefore, no useful purpose would be served by granting the motion.[1] We agree with the position of the Service.

Relief under section 212(c) is not available to all who are able to demonstrate statutory eligibility but, instead, requires the Attorney General or his delegate to determine as a matter of discretion whether an applicant merits the relief sought. The grant or denial of a motion to reopen is itself discretionary determination with the outcome dependent in part upon the likelihood that the applicant will be granted the relief sought if reopening is permitted. The proposition that reopening may be had, as of right, upon a bare showing of statutory eligibility has been rejected by the courts. *See Hibbert* v. *INS*, 554 F.2d 17 (2 Cir. 1977); *Wolf* v. *Boyd*, 238 F.2d 249 (9 Cir. 1956), *cert. denied*, 353

---

[1] The Service did not address, nor do we reach, the question of the respondent's statutory eligibility for relief under section 212(c). *INS* v. *Bagamasbad*, 429 U.S. 24 (1976).

U.S. 936 (1957); *Arakas v. Zimmerman,* 200 F.2d 322 (3 Cir. 1952). *Cf. Ins. v. Bagamasbad,* 429 U.S. 24 (1976); *Urbano de Malaluan v. INS,* 577 F.2d 589 (9 Cir. 1978). *See also Matter of Lam,* 14 I&N Dec. 98 (BIA 1972). The immigration judge and the Board are entitled, at a minimum, to factual allegations which indicate that the adverse factors of record may be overcome by the equities presented. In sum, it is incumbent upon the alien to make a prima facie showing both that the statutory requirements for the relief sought have been satisfied and that a grant of relief may be warranted as a matter of discretion.

In *Matter of Marin,* 16 I&N Dec. 581 (BIA 1978), we examined the principles to be applied in exercising discretion on section 212(c) applications and held that the immigration judge, in adjudicating such applications, "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interests of this country." We noted that "[a]s the negative factors grow more serious, it becomes incumbent the applicant to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equitites. Such a showing at time may be required solely by virtue of the circumstances and nature of the exclusion ground sough waived." We further held that an applicant who has a criminal record will ordinarily be required to make a showing of rehabilitation before relief will be granted in the exercise of discretion.

We regard the respondent's offense, the murder of his wife, to be an extremely serious negative factor which may be overcome only by a showing of unusual or outstanding equities. The fact that the respondent's father, mother, brother, and sister are all citizens and residents of the United States is not, in itself, sufficient to outweigh the serious adverse factor militating against a grant of relief.[2] The respondent has failed to allege any additional facts which may indicate the presence of the requisite unusual or outstanding equities. His opportunity for demonstrable rehabilitation is of necessity limited inasmuch as he is in the early stages of serving a fifteen and one-half year prison sentence.

Inasmuch as the evidence of record fails to demonstate a reasonable likelihood that the relief sought would be granted at a reopened hearing, the respondent has not sustained his burden of establishing a prima facie case for reopening. The motion will accordingly be denied.

**ORDER:** The motion is denied.

---

[2] The respondent's parents and siblings reside in California; the respondent has lived in Texas since his admission for lawful permanent residence.