**James Othello YAHKPUA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85-4001
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1985.

Joshua Turin, Richard E. Fernandez, Dallas, Tex., for petitioner.

Robert L. Bombough, Dir., Office of Immigration Lit., Civ. Div., Joseph F. Ciolino, Thomas W. Hussey, Atty., Washington, D.C., for respondent.

David H. Lambert, Dist. Dir., I.N.S., New Orleans, La., William J. Chambers, Dist. Dir., I.N.S., Dallas, Tex., for other interested parties.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An alien seeks review of his deportation order on the basis that the Board of Immigration Appeals abused its discretion in affirming the order because he married a United States citizen and became entitled to a visa two years after the order was entered. Finding that, under the circumstances, the Board did not transgress the broad range of choice imparted to it by the statute, we deny review.

James Othello Yahkpua is a native Liberian citizen. He entered the United States in September 1980 as a student authorized to attend Cleveland State University and, as such, was entitled to remain in this country for the duration of his student status. In 1981, because he had failed to maintain student status,[1] Yahkpua was ordered to show why he should not be deported. At his deportation hearing, Yahkpua admitted the allegations in the order to show cause and thus conceded that he was deportable. In a decision rendered on that same day, the immigration judge found him to be deportable and granted him the right to depart voluntarily until July 18, 1981. Yahkpua failed to comply with that grant of voluntary departure and appealed the deportation order.

The Board of Immigration Appeals summarily dismissed the appeal because Yahkpua had conceded deportability and had not addressed the issue of deportability in his notice of appeal.[2] The Board granted him thirty days within which to depart voluntarily. He again failed to leave but did not seek review of the Board's decision.

Yahkpua next came to the attention of the immigration authorities fourteen months later when, on July 18, 1983, he filed an application for adjustment of status[3] based on his marriage to a United States citizen on March 14, 1983 (February 14 is the date shown by the marriage certificate)[4] and her application for a visa for her husband. Her petition was ultimately approved on March 21, 1984.

Yahkpua's application for adjustment of status was treated as a motion to reopen the deportation order.[5] The Board stated that a motion to reopen will not be granted unless the motion provides new and material facts, is supported by evidentiary material, and establishes a *prima facie* case of eligibility for the relief sought. The Board noted that, even if these conditions are met, it has discretion to grant or deny the motion. It exercised that discretion to deny reopening because Yahkpua's "marriage occurred approximately 21 months after the immigration judge's decision and grant of voluntary departure and over 15 months after the Board's final order and respondent's second period of voluntary departure had expired." Consequently, the Board found Yahkpua not worthy of a favorable grant of administrative discretion "based on his eleventh hour marriage and last-minute motion to reopen." The Board noted that its decision did not preclude Yahkpua from applying to an American Consul outside the United States for an immigrant visa.

The Board's determination is reviewable only for abuse of discretion.[6]

---

1. Immigration and Nationality Act § 241(a)(9), 8 U.S.C. § 1251(a)(9).

2. 8 C.F.R. § 3(1)(d)(1–2).

3. Immigration and Nationality Act § 245, 8 U.S.C. § 1255.

4. *Id.* at § 201(b), 8 U.S.C. § 1151(b).

5. *See* 8 C.F.R. §§ 3.2 & 242.22.

6. *INS v. Wang,* 450 U.S. 139, 143 n. 5, 144–45, 101 S.Ct. 1027, 1031 n. 5, 67 L.Ed.2d 123, 129 n. 5 (1981); *Osuchukwu v. INS,* 744 F.2d 1136, 1141 (5th Cir.1984); *Ka Fung Chan v. INS,* 634 F.2d 248, 252 (5th Cir.1981); *Vasquez-Contreras v. INS,* 582 F.2d 334, 335 (5th Cir.1978); *Faddah v. INS,* 553 F.2d 491, 492 n. 1 (5th Cir.1977).

*Jarecha v. INS*[7] does not narrow that standard to support-by-substantial-evidence. In *Jarecha*, we applied the abuse-of-discretion test in reviewing the Board's discretionary determination that the petitioner did not warrant adjustment of status, but held that under Section 106(a)(4) of the Immigration and Nationality Act,[8] the substantial evidence test should be applied in reviewing the purely factual findings upon which the Board based its decision.

■ Section 245 of the Act[9] provides that an alien seeking adjustment of status must demonstrate that: (1) he has applied for adjustment of status; (2) he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available to him at the time the application is filed. In this case, the Board found that petitioner was statutorily eligible for the requested relief.

■ Yahkpua, therefore, did meet the minimum requirements for statutory eligibility. That, however, is not determinative. The Board has broad discretion in ruling on motions to reopen and is therefore not compelled to grant reopening upon the presentation of evidence meeting the minimum requirements. The Act does not provide for reopening, but such motions are allowed under regulations promulgated by the Attorney General.[10] As the Supreme Court stated in *INS v. Wang*,[11] "the present regulation is framed negatively; it directs the Board that it may not reopen unless certain showings are made. It does not affirmatively require the Board to re-open the proceedings under any particular conditions." Quoting from Judge Wallace's dissent in the Ninth Circuit case of *Villena v. INS*,[12] the Supreme Court also noted,

> If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive. Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case. It will also waste the time and efforts of immigration judges called upon to preside at hearings automatically required by the prima facie allegations.[13]

■ The Board's decision comports with precedent on this issue. In *Ahwazi v. INS*,[14] the Ninth Circuit considered the appeal of an alien student from Iran who, after he was ordered to deport, married a United States citizen shortly before his deportation date. It held that an alien who is statutorily eligible for discretionary relief must also demonstrate sufficient equities to merit a favorable exercise of discretion. The court found that the alien had not raised sufficient equities to warrant reversal of the Board's order. The same result has been uniformly reached by other courts, including this circuit.[15] The sole equity presented by Yahkpua is his marriage to a United States citizen, which was entered into well after his deportation had been ordered. Equities arising after an

---

7. 417 F.2d 220 (5th Cir.1969).

8. 8 U.S.C. § 1105a(a)(4).

9. 8 U.S.C. § 1255.

10. 8 C.F.R. § 3.2.

11. *INS v. Wang*, 450 U.S. at 143 n. 5, 101 S.Ct. at 1031 n. 5, 67 L.Ed.2d at 129 n. 5.

12. 622 F.2d 1352, 1362 (9th Cir.1980) (en banc).

13. *INS v. Wang*, 450 U.S. at 143 n. 5, 101 S.Ct. at 1031 n. 5, 67 L.Ed.2d at 129 n. 5; *accord INS v. Phinpathya*, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984); *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985); *Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir.1984); *Mesa v. INS*, 726 F.2d 39, 40–41 (1st Cir.1984); *Holley v. INS*, 727 F.2d 189, 191 (1st Cir.1984).

14. 751 F.2d 1120 (9th Cir.1985).

15. *See, e.g., INS v. Bagamasbad*, 429 U.S. 24, 25–26, 97 S.Ct. 200, 201, 50 L.Ed.2d 190, 192 (1976) (per curiam); *Sanchez v. INS*, 707 F.2d 1523, 1528 (D.C.Cir.1983) (per curiam); *Ramos v. INS*, 695 F.2d 181 at 184–85 (5th Cir.1983); *Bueno-Carrillo v. Landon*, 682 F.2d 143, 145 (7th Cir.1982); *In re Rodriguez-Vera*, 17 I & N Dec. 105 (BIA 1979); *see also* 8 C.F.R. 242.17(e).

alien's legal status has terminated are entitled to less weight.[16] Given the circumstances, petitioner's marriage, characterized by the Board as "eleventh hour," simply did not demonstrate an equity sufficient to require a favorable exercise of discretion on his behalf.

Yahkpua contends that, in addition to his marriage to a United States citizen, he has established other equities because: (1) he has continuously supported his wife and her two United States citizen children, ages twelve and thirteen by a prior marriage, who would be deprived of financial and emotional support if he is deported; (2) he did not submit himself for deportation to Liberia out of fear of that country's present military regime; and (3) he recently was involved in an industrial accident in which he lost parts of three fingers and is engaged in resultant litigation.

■ Yahkpua had the burden of establishing his entitlement to the motion to reopen by supporting the specific facts of his claim with affidavits or other evidentiary material.[17] He submitted to the Board of Immigration Appeals only his adjustment application and the supporting visa petition. His motion to reopen was based simply on the fact that he had married a United States citizen. Therefore, the issue before the Board was whether Yahkpua merited the granting of his motion to reopen based solely on his marriage. Yahkpua may not introduce on appeal issues that were not presented to or considered at the administrative level as part of the appellate process.[18] "[T]his Court does not sit as an administrative agency for the purpose of fact-finding in the first instance, and, if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." [19]

Yahkpua's case is different from the situation considered by the Board in *In re Cavazos*.[20] In *Cavazos*, the Board of Immigration Appeals acted on the basis of an INS Operations Instruction that manifested a policy favoring immediate relatives seeking adjustment of status. It found that the fact that the alien had both a United States citizen wife and child was an equity sufficient to overcome the adverse factor presented by the alien's preconceived intent to remain in the United States permanently at the time of entry. Here the issue is not preconceived intent but belated marriage. Yahkpua does not cite and the INS denies knowledge of any "policy" that serves to negate an alien's adverse conduct involving evasion of deportation and entry into an eleventh-hour marriage in possible furtherance of that evasion. In *Cavazos*, moreover, the marriage occurred before Cavazos was found to be deportable and, therefore, was less likely to be viewed as part of an effort to stave off a deportation order.

Whether or not *Cavazos* is distinguishable, however, the Board is not required to fit all of its decisions into a pattern harmonious to our ear. The Board may be presented with similar fact situations in different cases and, subject only to the strictures of equal protection and non-arbitrary action, it need not adjudicate all such cases by rendering opinions that seem to be absolutely consistent. The Board has been granted broad discretion in ruling on motions to reopen and it decides such motions on the facts presented in each individual case. Thus, the granting of a motion to reopen in one case does not necessarily mean that the Board has abused its discretion if it refuses to grant such a motion in a case with apparently similar facts.

Yahkpua has the burden of proving that the Board abused its discretion in denying

**16.** *Villena v. INS,* 622 F.2d 1352, 1360 (9th Cir. 1982).

**17.** 8 C.F.R. § 3.8(a); *Wang v. INS,* 450 U.S. at 143, 101 S.Ct. at 1030, 67 L.Ed.2d at 129.

**18.** *Carnejo-Molina v. INS,* 649 F.2d 1145, 1150–51 (5th Cir.1981); *accord Ka Fung Chan v. INS,* 634 F.2d at 258; *Tejeda-Mata v. INS,* 626 F.2d

721, 726 (9th Cir.1980), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982); *see also* Immigration & Nationality Act § 106(c), 8 U.S.C. § 1105a(c).

**19.** *Tejeda-Mata v. INS,* 626 F.2d at 726.

**20.** 17 I & N Dec. 215 (BIA 1980).

his motion to reopen based on the circumstances presented in this particular case. Considering the facts presented and the Board's abundant discretion in ruling on motions to reopen, he failed to carry that burden. We lack the power, even if we thought it kindly, to substitute our views for those of the Board.[21]

We also deny Yahkpua's request that we stay our mandate to permit him to remain in the United States until he secures a visa interview at an appropriate consulate in Canada or Mexico. The Board correctly noted that its decision does not bar him from applying for an immigrant visa to an American Consul outside this country. The regulations permit him to request a stay of deportation and an extended period of voluntary departure from the district director to allow him to accomplish processing of his visa abroad.[22] We need not, and should not, intervene in that process.

While the Board's opinion does not mention all of Yahkpua's contentions, we do not find the opinion so deficient as to warrant the conclusion that it did not adequately consider the equities. The Board, as we stated in *Osuchukwu v. INS*, "[h]as no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." [23]

We follow the law as is our duty. Nonetheless, it appears to us that, considering the INS's widely publicized shortage of personnel, the reports that there are millions of illegal immigrants in the nation, and the apparent likelihood that sooner or later some consul will approve Yahkpua's visa application, the Board's discretion may be unwisely used. While INS and the Board must determine what both wisdom and discretion require, we feel constrained to note that, in our judgment, proceedings that accomplish little of substance simply add unnecessarily to the work of the INS, the Board, and the Courts of Appeals.

For these reasons, we AFFIRM the decision of the Board of Immigration Appeals and DISMISS this petition for review.

---

21. See *INS v. Rios-Pineda*, —— U.S. ——, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985); *Wang*, 450 U.S. at 143–45, 101 S.Ct. at 1030–31, 67 L.Ed.2d at 129–30; *Osuchukwu*, 744 F.2d at 1140–1142.

22. 8 C.F.R. §§ 243.4 & 244.2.

23. 744 F.2d at 1142–43.