Alvaro ROMAN–FERNANDEZ; Pablo Roman–Henao, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70477.

I & NS Nos. A27–617–522, A27–617–525.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2002.*

Decided April 22, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL,** District Judge.

MEMORANDUM ***

Alvaro Roman–Fernandez and Pablo Roman–Henao, father and son (collectively

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

referred to as "the Romans"), and natives of Colombia, petition for review from the Board of Immigration Appeals' ("BIA") denial of their motion to reopen their deportation proceedings to apply for relief under the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Torture"), and to re-apply for asylum based on changed country conditions. We affirm the BIA's denial of the Romans' Motion to Reopen and therefore deny the petition for review.

■ The Romans first contend that they should be allowed to apply for relief under the Convention Against Torture. The implementing regulations for the Convention Against Torture provide that aliens who were ordered deported before March 22, 1999 may move to reopen BIA proceedings under 8 C.F.R. §§ 3.2, 3.23 (2000) to apply for relief under the Convention, but any such motion to reopen must be filed by June 21, 1999. 8 C.F.R. § 208.18(b)(2)(i) (2000). Here, the final order of deportation was entered in December 1987. Therefore any motion to reopen the case under the Convention Against Torture would have had to have been filed by June 21, 1999 to be timely. The Romans did not file their motion to reopen until December 1999, and therefore it was untimely under the regulations. *Id.*

The Romans do not contend that their motion complied with 8 C.F.R. § 208.18(b)(2)(i). Instead, they claim that in *Khourassany v. INS*, 208 F.3d 1096 (9th Cir.2000), we held that motions to reopen for applications under the Convention Against Torture would be timely after June 21, 1999 even if the order of deportation predated March 22, 1999. The Romans misinterpret *Khourassany*. Neither the INS nor we are free to ignore a prop-

erly promulgated, constitutional, unambiguous regulation such as 8 C.F.R. § 208.18(b)(2)(i). We uphold the BIA decision that the Romans' Motion to Reopen to apply for relief under the Convention was untimely.

■ Second, the Romans contend that they should be allowed to re-apply for asylum based on changed country conditions. Under regulations promulgated in 1996, a motion to reopen must be filed with the BIA within ninety days after entry of a final order of deportation, and no more than one motion to reopen may be filed. *See* 8 C.F.R. § 3.2(c)(2); *see also* 61 Fed. Reg. 18904–05 (Apr. 29, 1996). The regulations provide for certain exceptions to the time and number requirements, including an exception for asylum applications "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 3.2(c)(3)(ii). A motion to reopen must also state the new facts to be considered at the reopened hearing and must be supported by affidavits or other documentary evidence. 8 C.F.R. § 3.2(c)(1). The respondents must make a prima facie showing that they are eligible as a matter of law for the relief sought upon reopening and that such relief would likely be granted in the exercise of discretion. *Matter of Rodriguez–Vera*, 17 I & N Dec. 105 (BIA 1979).

The Romans' Motion to Reopen was number-barred and time-barred because it was their third motion to reopen and was submitted years after their order of deportation became final. They argue that their motion fits the exception for changed country conditions because they have submit-

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ted material evidence that could not have been discovered and presented at their previous hearing.

The Romans did not present any new and material evidence to show that they qualify for the "change of conditions" exception. The evidence they presented consisted of general articles about Colombia that have nothing in them specifically related to the Romans themselves and vague claims supported only by their own assertions. The first claim was an assertion that while in Colombia, Roman–Fernandez's ex-wife had "worked for a political candidate" and as a result, each member of the family had received death threats from the other side. This claim could easily have been made in the first Motion to Reopen, as Roman–Fernandez's ex-wife has been in the United States since 1986. The second claim was that Roman–Fernandez's "occupation" is "Radio DJ" or "TV talk show host," and that he would be persecuted in Colombia because he has spoken out against the Colombian government and the drug cartels. However, aside from Roman–Fernandez's assertions, there is no proof in the record to show that he has ever made a single appearance on radio or TV or has ever criticized the Colombian government or the drug cartels, much less that he is a well-known political journalist. What evidence we have shows that Roman–Fernandez is a handyman.

The Romans had the burden of proof to present evidence to support their claim that Roman–Fernandez is a well-known political journalist who has spoken out against the regime in Colombia and is well known enough for the Colombian authorities to persecute him. They have not done so. We agree with the BIA that the Romans' evidence is "too vague to make a prima facie case of asylum." Based on this record, we cannot say that the BIA abused its discretion in denying the Romans' Motion to Reopen.

PETITION DENIED.