United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60660
Summary Calendar

_____

JAIME ALEJANDRO SIERRA-CARDONA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 320 381
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:*

Jaime Alejandro Sierra-Cardona ("Sierra"), a native and

citizen of El Salvador, has filed a petition for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the denial of his motion to reopen the 1990 deportation

proceedings that resulted in an order of deportation being

entered in absentia against him.  Sierra seeks to reopen the

proceedings so that he can apply for relief from deportation

pursuant to the Nicaraguan Adjustment and Central American Relief

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Act ("NACARA"). He argues that: (1) because he did not actually receive notice of the deportation hearing, there was reasonable cause for his failure to appear, and (2) he is eligible for relief under NACARA.

Sierra also raises new factual allegations and claims before this court, namely: (1) whether the order to show case issued in his case was valid, (2) whether he was required to notify the immigration judge of any changes to his address, and (3) whether there was evidence in the record concerning his compliance with his obligation to notify the Attorney General of any changes in his address. This court will not consider issues or factual allegations that were not presented below. See Yahkpua v. INS, 770 F.2d 1317, 1320 (5th Cir. 1985); see also Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Sierra had an obligation to notify the Attorney General of any changes to his address. 8 U.S.C. § 1305(a) (1990). Notice of Sierra's deportation hearing was properly mailed to his last known address. See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). The notice was returned as undeliverable, however, because Sierra moved without providing a forwarding address. Sierra has not shown any error in the BIA's determination that lack of notice, under these circumstances, does not constitute reasonable cause for failure to appear. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

Pursuant to 8 C.F.R. § 1003.43, an alien seeking to reopen deportation proceedings in order to seek NACARA relief was required to file a motion to reopen "no later than September 11, 1998." Sierra's motion was filed more than three years after that date. The regulation does not provide for extending or tolling the deadline for filing a motion to reopen for any reason. Therefore, Sierra has not demonstrated that the BIA erred when it determined that there were no grounds to grant his untimely motion to reopen the deportation proceedings. See Lopez-Gomez, 263 F.3d at 444.

For the foregoing reasons, Sierra's petition for review is DENIED.