**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60370
Summary Calendar

ALI NAWAZ

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 982

Before HIGGINBOTHAM, BARKSDALE, AND ELROD, Circuit Judges.

PER CURIAM:[*]

Ali Nawaz, a citizen and native of Pakistan, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying his motion for reconsideration of the denial of his motion to reopen removal proceedings. He has moved for a stay of removal during the pendency of his petition for review.

Nawaz concedes that his motion to reopen was untimely but argues that the BIA abused its discretion by denying his motion for reconsideration because the BIA should have reopened his removal proceedings pursuant to its authority

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to reopen removal proceedings sua sponte. He maintains that the BIA abused its discretion because it did not address all of the factors he raised showing that he met his burden of demonstrating exceptional circumstances and because it did not provide a reasoned explanation to support its ruling. He further contends that the BIA erroneously concluded that he was not eligible to adjust his status because he had effectively withdrawn his request for voluntary departure prior to the expiration of the time allowed for voluntary departure.

In *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004), this court held that it did not have jurisdiction to review a decision not to reopen removal proceedings sua sponte because there is no meaningful standard against which to judge the exercise of discretion in making such a decision. Nawaz acknowledges the ruling in *Enriquez-Alvarado*, but asserts that *Enriquez-Alvarado* was wrongly decided. Regardless of the merits of Nawaz's challenge to the ruling in *Enriquez-Alvarado*, we may not overturn the ruling of the panel in that case because there has not been an intervening change in law. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Accordingly, we do not have jurisdiction to review the BIA's decision not to reopen Nawaz's removal proceedings sua sponte. *See Enriquez-Alvarado*, 371 F.3d at 249-50. As we do not have jurisdiction to review the BIA's decision not to reopen Nawaz's removal proceedings sua sponte, we do not reach the BIA's alternative determination that Nawaz was ineligible for adjustment of status consideration for a period of 10 years because he had not departed the United States in the time allowed.

In addition to his non-constitutional challenges to the BIA's denial of his motion for reconsideration, Nawaz argues that the BIA violated his due process rights in its denial of his motion for reconsideration. Nawaz asserts that the BIA denied his due process rights to a full and fair hearing and a reasonable opportunity to present evidence by not considering evidence and arguments he presented.

While we do not have jurisdiction to consider Nawaz's non-constitutional challenges to the BIA's refusal to reopen his removal proceedings sua sponte, we retain jurisdiction to consider constitutional challenges that were raised before the BIA. *See* 8 U.S.C. § 1252(a)(2)(D); *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006). We review constitutional claims de novo. *Heaven v. Gonzales*, 473 F.3d 167, 171 (5th Cir. 2006).

Although Nawaz styles his challenge as a due process claim, his argument is that the BIA did not sufficiently consider his evidence and arguments because it did not sufficiently discuss the evidence and arguments in its ruling. These alleged deficiencies in the BIA's ruling do not rise to the level of a due process violation. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000). Furthermore, the reasoning provided in the BIA's ruling was sufficient as it demonstrated that it had considered the issues raised and had "heard and thought and not merely reacted." *Yahkpua v. INS*, 770 F.2d 1317, 1321 (5th Cir. 1985) (quoting *Osuchukwu v. INS*, 744 F.2d 1136, 1142-43 (5th Cir. 1984)).

PETITION FOR REVIEW DENIED; MOTION FOR STAY OF REMOVAL DENIED.